a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH KENNEDY (#454000), Plaintiff | CIVIL ACTION NO. 1:18-CV-713-P |
| VERSUS | JUDGE DEE D. DRELL |
| BENJAMIN MADDIE, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Joseph Kennedy (#454000) ("Kennedy"). Kennedy was granted leave to proceed *in forma pauperis*. (Doc. 5). Kennedy is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Kennedy complains that he was wrongfully convicted of a disciplinary violation.

Because Kennedy's sanctions do not implicate due process concerns, his complaint should be denied and dismissed.

I. **Background**

Kennedy alleges that Defendant Benjamin Maddie wrongfully accused him of receiving synthetic marijuana from a visitor. (Doc. 1, p. 3). Kennedy was convicted of violating Rule 30, General Prohibited Behavior. (Doc. 1-2, p. 1). He was sanctioned to disciplinary segregation and the loss of visiting privileges. (Doc. 1-2, p. 1).

II. <u>Law and Analysis</u>

A. <u>Kennedy's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Kennedy is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 6). As a prisoner seeking redress from an officer or employee of a governmental entity, Kennedy's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); <u>Rosborough v. Mgmt. and Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Kennedy's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

B. <u>Kennedy's claim should be dismissed under §§ 1915(e)(2)(b) and 1915A.</u>

Kennedy seeks $150.00 for day for each day he spent in segregation for his disciplinary conviction. (Doc. 1, p. 4). Even assuming Kennedy was falsely convicted

and sanctioned with segregation and a loss of privileges, he still fails to state a claim for which relief can be granted.

The Due Process Clause does not protect every change in the conditions of confinement having an adverse impact on the prisoner. See Sandin v. Conner, 515 U.S. 472, 478 (1995). In Sandin, the Supreme Court held that the plaintiff's placement in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. Id. at 485–86. Although the states may, under certain circumstances, create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Since Sandin, the Fifth Circuit has consistently held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (citing Pichardo v. Kinker, 73 F.3d 612 (5th Cir. 1996)); see also Luken v. Scott, 71 F.3d 192 (5th Cir. 1995).

Likewise, the loss of prison privileges, such as telephone use, visitation, and commissary privileges, as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Kennedy has not alleged extraordinary circumstances regarding his period of administrative segregation or loss of privileges that would be sufficient to state a constitutional claim.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Kennedy's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

5

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  6th  day of July, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge